IN THE MATTER OF THE ATTORNEY–GENERAL v. THE
ATLANTIC MUTUAL LIFE INSURANCE COMPANY.

Where, in proceedings instituted by the attorney-general against a life
insurance company under the provisions of the insurance act of 1869
(chap. 902, Laws of 1869), the company has been declared insolvent and
its affairs put into the hands of a receiver, judicial action thereafter must
follow the statute.
Where an actuary has been appointed, and has made his report, this court
has no power to send it back.
If that power exists in the court of original jurisdiction, it is a discretion-
ary one; and where the discretion has been fairly exercised this court
cannot review the order of the court below.
Where the actuary's report shows that the company is not able to go on
with its business, the assets must be turned into money, liabilities paid,
and the corporate affairs closed up; the Supreme Court cannot order
the receiver to call for premiums, and keep up the business of the com-
pany, nor can it discharge the receiver and give back the property to
the corporation.

(Argued April 15, 1879 ; decided May 20, 1879.)

APPEALS from two orders of the General Term of the
Supreme Court, in the second judicial department, affirming
orders of Special Term.    One of the orders affirmed an
order made upon the coming in of the actuary's report,
which  order  directed  the  receiver  of said  The  Atlantic
Mutual Life  Insurance Company  to  proceed  to  sell  and
convert the assets of said company into money, and to pay
out the proceeds thereof in the manner prescribed by statute.
The other order affirmed an order of Special Term, denying
a motion on behalf of said company to dismiss the proceed-
ings herein on the part of the attorney-general, and restore
the company to the same condition it was in at the time the
proceedings were instituted.    (Reported below, 15 Hun, 84.)

These proceedings were instituted by the attorney-general
pursuant to the provisions of the act (chap. 902, Laws of
1869), to close up the affairs of said company, and for the
appointment of a receiver.    An order was made therein dis-
solving the company and appointing a receiver; this order

was affirmed on appeal to the General Term, and upon appeal to this court was affirmed in part and modified in part. (See report of decision, 74 N. Y., 177.) An actuary was duly appointed, as prescribed by said act, who made his report, which showed that the assets of said company were insufficient under the laws of this State to pay its liabilities.

Further facts appear in the opinion.

*William Barnes*, for appellant. The order of the General Term denying the application to discharge the receiver and restore the company or to appoint a referee was appealable. (New Code, § 190, sub. 3.) The fact that the application was in the form of a motion instead of the writ of *audita querela* did not deprive the moving party of the right of an appeal to this court. (10 Mass., 101; 14 id., 448; 2 J. Cas., 227; 1 Bouv. L. Dict., 152; 17 J. R., 484; 4 id., 191; 11 Fitzherbert's N. B., 103, 104 [Lond. ed., 1794]; Brown's Entries [Lond. ed., 1679], 52; Brooke's Abr. [ed., 1573]; 1 Burr. L. Dict., 163; *Witmer* v. *Law*, 34 Barb., 517.) The appellant has not been dissolved. (4 N. Y. Stat. at Large, 226; *Kincaid* v. *Dwirelle*, 59 N. Y., 548.) The court has power to relieve the appellant from the order or judgment in these proceedings, to restore the company to its owners and dissolve the injunction restraining it from issuing new policies. (*Bank Comrs.* v. *Bank of Buffalo*, 6 Paige, 498; 15 How. Pr., 445, 456; Wells on Res Adjudicata, 434; *Smith* v. *McClusky*, 45 Barb., 610, 617; *Witmer* v. *Law*, 34 id., 515, 517, 518.) Neither the receiver nor the superintendent of insurance hold any such *status* in the case as will permit them to make motions or interfere in the litigation between the parties, or to be heard by the court. (*In re Colvin*, 3 Md. Ct. Dec., 280, 303; *Comyn* v. *Smith*, 1 Hogan, 82; Kerr on Rec'rs [Bispham 2d ed.], 221, 222; Edwards on Rec'rs, 12: *Tracy* v. *First National Bk. of Selma*, 37 N. Y., 523; 2 Wait's Pr., 245; *Miller* v. *Elkens*, 3 L. J., 128, 129; *Ireland* v. *Eade*, 7 Beav., 55, 56; *Parker* v. *Dunn*, 8 id., 497; *Clark* v. *Fisher*, S. & S., 684;

*Duke of Dorset* v. *Crosbie*, id., 683; *Evans* v. *Taylor*, id., 681; *In re Earl of Kilkenny*, 7 Irish. Eq., 595.)

*Henry Smith*, for respondent. The order of the General Term affirming the order made on the coming in of the actuary's report was not appealable. (Laws 1869, chap. 902, §§ 7, 8; Ins. Manual, 170; 15 Hun, 85; New Code, § 190, sub. 3.)

FOLGER, J. These appeals are, in meaning, to the same end. One is from an order that the receiver turn the assets of the company into money, pay its debts and close its affairs. The appeal seeks action unlike that, to wit ; that the receiver keep on the business of the company, nurse its assets, seek payment of premiums from policy-holders, and bring the company back to strength and good name. The other is from an order refusing a motion to discharge the receiver and to put the affairs of the company back into the hands of the corporators. If what is sought by these appeals is reached by the order of this court, there is the end attained, in either case, that the business of the company is begun again, the contracts it had out, on which premiums may be asked or lapses declared, are put in motion, and those holding them must pay, or be in default and lose rights that they now have. The classes of persons to be most touched by such result are the policy-holders and the stockholders. And so it is, that the good of one class is on one side, and that of the other class on the other side. The court is in truth called upon to decide whither it will lean. Now, with no statute law, or rule of unwritten law, forcing to a decision for one or the other class, we need not falter long as to which has the strongest claim to favor. The prime aim of the statutes for forming life insurance companies was not the good of the corporators, it was the public good ; and those laws are largely taken up with provisions for the safety of the members of the community who may buy policies. The franchises and powers bestowed, if wisely

used, will yield private profit, while doing public good. They are, however, in a sense, a public trust; and if not wisely used, so that there comes a clash of interests, and loss must follow to buyers of policies or to corporators, surely the law will not first or most care for those whom it has privileged. This body of corporators has not so wisely used powers, but that the officials of the State have been led to a stoppage of them, and the courts have been constrained to uphold that action. The neglect was not so gross, nor the loss of means so great, but that it was of doubt whether the trust might not be left in their hands. A chance was given to keep it, by making up a sum thought enough to give strength; but that chance was not seized. And now it is a fixed fact of grave consequence, that the affairs of the company are in the hands of an officer of the courts. Its power for good has been much impaired. The confidence of policy-holders has been fatally shaken. There is no assurance given to the courts that a considerable number will pay premiums and keep alive their policies. Then those policies will lapse. Every lapsed policy will be a debt of the corporators quenched, to the harm of the holder and the good of the stockholder; brought about, not by the fault of the first, but by that of the last. Judicial action which would force a lapse of policies is not in keeping with justice.

Nothing in the statutes forces the courts to such action. The matter is to be looked at as it stands at this day. Take first the appeal from the order made on the report of the actuary. The company has been declared insolvent, and its affairs given over to a receiver. After that, judicial action must follow the statute. That statute is chapter 902 of the year 1869. It provides for the appointment of an actuary; for an investigation according to the standard fixed by the laws; and a report. If by the report it is found that the company is able, and the report is confirmed, the contracts of the company are to be carried to a legal close. If the report shows that the company is not able, no judicial action is needed. On a certain notice and action by certain State

officers, the assets are to be turned into money and the liabilities paid. The statute has been followed. A person has been made actuary. It is said that he is not a "competent actuary." As he has been named as the statute lays down the way, this court cannot ask if he is. He has made a report. It is not found by that report that the company is able. The report shows that it is not able. The courts are tied to that by the statute, and may not act against it. It may be, that there is power in a court of original jurisdiction to send back the report. This court has not that power. If that power exists in the court below, it is a discretionary one. Where the discretion has been fairly put forth, without abuse or whim, this court may not review. It comes then, that the appeal from that order must be dismissed.

Now take the appeal from the other order, refusing the motion to discharge the receiver. When the matter of this company was last before this court, we gave our opinion that it was for the General Term, and for this court, to critically scrutinize the proceedings in every case, and determine with care whether good cause existed for interference, and whether there is sufficient reason for continuing it. The facts are changed since then. At that time, it did not appear that an actuary had been named, and that he had made a report in compliance with the statute, which brought into play the peculiar statutory provision noted above. If, as we hold, that statute is imperative ; so that when the actuary reports that there is not ability to go on, there must be a turning of the assets into money, a payment of liabilities, and a closing of corporate affairs ; and that the court cannot order the receiver to call for premiums and keep up the business of the company; then still more, when there has been such a report, is the Supreme Court without power to go backward, and to discharge its receiver, and give back to the corporators the property he held, and to set the company on its legs again. And for this reason the refusal of the court below would be sustained.

But upon the merits, we think that the court below was

light.   The matter is presented in this form : If the courts had the power to compel a policy-holder to pay and keep paying the premiums ; if they were satisfied that beyond reasonable doubt the present assets of a company once declared insolvent and put under a receiver, and the trust for the future in its success in business, were such as to make sure that on death the policy he held would be met ; would they — on the showing made by the report of the actuary, read with all the criticisms upon it given by the facts of the case, and the full brief of the ingenious and experienced counsel for the appellant,— would they make an order that each policy-holder should now pay all premiums in arrear, and keep on to pay all that would accrue until death or other end thereof ?   A careful consideration of the facts of the case, with all the aid that counsel has brought, extorts a negative answer.   Yet, to make an order setting this company up again, would be to compel each policy-holder to make answer to a like question, at his peril.   He must stop payment, and lose the good of all he had paid, or he must pay, and run the risk of the future.   We do not deem it just to the policy-holder to practically compel him so to do.   It will work greater justice that the assets of this company should be turned into cash, and its debts be paid.   If there will be hardship in this, it will not fall on those who trusted in the solvency of the company and the good management of those who had its affairs in hand.

We will not go into detail.   We fail to be satisfied that the company can again be set up in business with no harm to the policy-holders and with usefulness to the public.

The second order appealed from should be affirmed.

All concur.

Appeal from first order dismissed, second order affirmed.